UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CITY OF WARSAW, INDIANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:13-CV-274 |
| | ) | |
| GOVERNMENTAL | ) | |
| INTERINSURANCE EXCHANGE, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This case was filed in this Court on September 20, 2013, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Dkt #1.)  The complaint alleges that Plaintiff City of Warsaw, Indiana is "organized under the laws of the State of Indiana and is located in Kosciusko County" and that "Defendant Governmental Interinsurance Exchange is an Illinois reciprocal insurance company with its principal place of business in Bloomington, Illinois."  (Compl. ¶¶ 2, 3.)

The complaint is inadequate.  As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met.  *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).  Plaintiff has failed to identify how the Defendant is organized; i.e., whether it is a corporation or an unincorporated association.  For purposes of establishing diversity jurisdiction, a corporation's citizenship is different than that of an unincorporated association.  *Thomas v. Guardsmark, LLC.*, 487 F.3d 531, 533 (7th Cir. 2007).  Corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990); *see* 28 U.S.C. § 1332(c)(1).  The term "principal place of business" refers to the corporation's "nerve

center"—the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Conversely, "if a firm is not incorporated, its citizenship is determined by the citizenship of its proprietor, partners, members, or other participants." *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528 (7th Cir. 2002). Therefore, if Defendant is an unincorporated association, the Court must be advised of the citizenship of all the members to ensure that none of its members share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of the Defendant who are a partnership or an LLC, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, Plaintiff is ORDERED to supplement the record by filing an Amended Complaint reciting the Defendant's organizational status and stating its citizenship through all applicable layers of ownership.

SO ORDERED.

Enter for this 20th day of September, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge